UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EULENA MORRIS,

                         Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

CIVIL ACTION NO. 20 Civ. 7017 (PAE) (SLC)

**ORDER FOR SERVICE**

**SARAH L. CAVE, United States Magistrate Judge:**

    Plaintiff, appearing pro se, brings this action, challenging her denial of social security benefits. By order dated September 1, 2020, the Honorable Judge Paul A. Engelmayer granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (ECF No. 4). The undersigned was referred for Social Security and General Pretrial matters on the same date. (ECF No. 5).

**DISCUSSION**

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Commissioner of Social Security through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the below address.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the Commissioner of Social security and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

SO ORDERED

*Sarah Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**

Dated:      December 1, 2020
            New York, New York

Mail To:    Eulena Morris
            3758 10th Avenue, Apartment 12H
            New York, New York 10034

**Defendant and Service Address**

Commissioner of Social security
c/o Office of the Regional Chief Counsel, Region II Social Security Administration
26 Federal Plaza, Room 3904
New York, New York, 10278-0004